

# In the Court of Criminal Appeals of Texas

No. PD-1123-19

EX PARTE CHARLES BARTON,

*Appellant*

On State's Petition for Discretionary Review
From the Second Court of Appeals
Tarrant County

YEARY, J., filed a concurring opinion.

I agree with the Court and join its opinion. The statute at issue here protects citizens from harassment—from being forced and compelled to endure the delivery of repeated electronic communications sent to them in a manner reasonably likely to harass, annoy, alarm, abuse, torment, embarrass or offend another, and with the specific

intent to do just that to them.[1] The conduct covered by the law applicable in this case appears to me to be limited in kind to instances in which harassing communications are directed and targeted specifically at an individual.[2]  That the law would seek to defend private citizens from

_____

[1] Our Texas harassment law was enacted as part of the 1974 Penal Code. Acts 1973, 63rd Leg., ch. 399, § 1, p. 883, eff. Jan. 1, 1974. Since then, it has been amended nine times. *See* TEX. PENAL CODE § 42.07 (amended in 1983, 1993, 1994, 1995, 1999, 2001, 2013, 2017, and 2021).

Appellant in this case was charged by information with committing nine separate counts of harassment. The offenses were alleged to have occurred on or about dates between August 25, 2012, and November 16, 2012. During that time frame, the applicable harassment statute provided that:

> [a] person commits an offense if, with intent to harass, annoy, alarm, abuse, torment, or embarrass another, he:
>
> * * *
>
> (7)    sends repeated electronic communications in a manner reasonably likely to harass, annoy, alarm, abuse, torment, embarrass, or offend another.

*See* Acts 2001, 77th Leg., ch. 1222, § 1, p. 2795, eff. Sept. 1, 2001 (current version at TEX. PENAL CODE § 42.07(a)(7)).

[2] Subsection (b) of our harassment law, during the relevant time frame, provided the following definition of "electronic communication":

> [A] transfer of signs, signals, writing, images, sounds, data, or intelligence of any nature transmitted in whole or in part by a wire, radio, electromagnetic, photoelectronic, or photo-optical system. The term includes:
>
> > (A)    a communication initiated by electronic mail, instant message, network call, or facsimile machine; and
> >
> > (B)    a communication made to a pager.

such targeted harassment is no more surprising than that it would seek to protect them from stalking, offensive touching, or assault.

With these additional thoughts, I join the Court's opinion.

**FILED:**                                   April 6, 2022
**PUBLISH**

---

*See* Acts 2001, 77th Leg., ch. 1222, § 1, p. 2795, eff. Sept. 1, 2001 (current version at TEX. PENAL CODE § 42.07(b)).